

DA 07-0561

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 77N

LAURENCE GILLISPIE, d/b/a
EAGLE CREST ELECTRIC,
Licensed Master Electrician,

   Petitioner and Appellant,

 v.

MONTANA DEPARTMENT OF
LABOR AND INDUSTRY, and
STATE ELECTRICAL BOARD,

   Respondents and Appellees.

APPEAL FROM: District Court of the Fourth Judicial District,
     In and For the County of Missoula, Cause No. DV 2007-203
     Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Raymond P. Tipp, Torrance L. Coburn, Tipp & Buley, Missoula, Montana

   For Appellees:

     Arthur M. Gorov; Helena, Special Assistant Attorney General, Helena,
     Montana

           Submitted on Briefs: July 2, 2008

               Decided: March 17, 2009

Filed:

   _____
         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Laurence Gillispie appeals from a judgment of the Fourth Judicial District Court, Missoula County, affirming the State Electrical Board's adoption of a decision of a hearing officer to suspend Gillispie's master electrician license and the license for his business, Eagle Crest Electric, for two years. We affirm.

¶3      The issues are whether the District Court erred in concluding the Board did not violate Gillispie's right to due process of law by relying on a hearing officer to conduct his contested case hearing, and in reviewing the Board's decision based on an incomplete administrative record.

¶4      Gillispie's argument that his due process rights were violated is based upon statutory language in § 37-1-131, MCA, which requires administrative boards to "sit in judgment" in a hearing for suspension of a professional license. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972). Gillispie has not convinced us that the use of a hearing officer as was done in this case, in which the Board retained ultimate decision-making authority, violated his due process rights as fleshed out by the statutory "sit in judgment" provision.

2

¶5     In relation to transmission of the administrative record, the District Court ruled that, although the Department of Labor and Industry had initially failed to transmit the entire administrative record, "[u]ltimately a sufficient record was transmitted to allow [the District Court] to make the limited review of the administrative proceedings mandated by § 2-4-704(2), MCA." After reviewing the record, we agree.

¶6     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS

3